STATE OF NORTH CAROLINA v. WILLIAM WALTER CRAWFORD

No. 717SC494

(Filed 15 December 1971)

**1. Burglary and Unlawful Breakings § 5— breaking and entering — sufficiency of evidence**

The State's evidence was sufficient for the jury in this prosecution for felonious breaking and entering where it tended to show that the rear door of a store had been opened at 4:00 a.m., that the store's

burglar alarm was activated, that cartons of cigarettes were removed from the shelves and placed in large containers, that defendant was observed about 20 steps from the store in a field within minutes after the burglar alarm sounded, that he was armed with a pistol, and that he attempted to hide and feigned injury when detected.

**2. Criminal Law §§ 9, 113— failure to instruct on aiding and abetting**

The trial court did not err in failing to instruct the jury on the principles of aiding and abetting in this prosecution for felonious breaking and entering where the State proceeded on the theory that defendant was the sole perpetrator of the offense and there was no evidence that anyone other than defendant was involved in the crime.

APPEAL by defendant from *Martin, Special Judge, (Robert M.),* January 4, 1971 Session of the Superior Court of WILSON County.

The defendant was charged in a bill of indictment with felonious breaking and entering. At trial the defendant entered a plea of not guilty. At the close of the State's evidence, the defendant moved for judgment as of nonsuit. The motion was denied. The defendant offered no evidence. The jury returned a verdict of guilty as charged in the bill of indictment.

From this verdict, the defendant appeals assigning as error the denial of his motion for judgment as of nonsuit and the failure of the trial court to instruct the jury on the principles of aiding and abetting.

The facts are set forth in the opinion.

*Attorney General Robert Morgan by Associate Attorney Ronald M. Price for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

CAMPBELL, Judge.

The evidence for the State tended to show the following:

Mr. Leslie Raper is the owner of a store located on U.S. Highway 301, a mile and a half north of Kenly, North Carolina. A burglar alarm was in operation at the store. It was designed so that if activated, it would sound an alarm in Mr. Raper's bedroom, but no alarm would be sounded in the store. Mr.

Raper's home was on the same property as the store. The house and the store were separated by a lot in which were parked several used cars.

On August 28, 1970, Mr. Raper closed his store in the early evening. He placed a can against the back door as a noise-making device in case the door was opened.

At approximately 4:00 o'clock a.m., the alarm sounded in Mr. Raper's bedroom. He contacted the Sheriff's Department and dressed. He left the house and started toward the store walking behind his used car office. As he went toward the store he saw the defendant, about 20 steps away, take two steps across the tobacco field behind the store. At this time two deputies sheriff arrived and drove between the used car office and the store, and the lights of their automobile revealed the defendant. The defendant went down on his face in the field. The deputies ordered the defendant out of the field. The defendant threw away an object later found to be a .25 caliber pistol. The defendant called to the deputies that his leg was broken and he could not walk. The deputies again ordered the defendant out of the field, and he got up and walked to them. An investigation of the store revealed that the back door had been opened. A large number of cigarette cartons had been taken from the shelves and boxed up in large containers. An automobile belonging to defendant was found approximately 100 yards behind the store in some woods. Footprints leading from the automobile to the point in the field where defendant was first seen were observed by the deputies. They did not observe footprints from the field to the back of the store. No fingerprints were taken from the interior of the store. No property from the store was found on the defendant.

Mr. Raper testified it would take from five to eight minutes to load the ten or eleven cigarette containers found in the store. He testified that it was probably four to six minutes between the time the alarm sounded and the time he first observed the defendant. He did not see the defendant at any time moving away from the store. Mr. Raper testified that from his knowledge of the premises, someone could have left through the front door while he and the deputies were in the rear of the store apprehending the defendant. There was testimony that when the deputies entered the store they found the front door closed.

Upon a motion for judgment as of nonsuit, all the evidence tending to sustain a conviction will be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169 (1965) (citing cases).

"It is a general rule in this jurisdiction that if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to a jury. . . ." *State v. Mabry,* 269 N.C. 293, 152 S.E. 2d 112 (1967).

When the motion for nonsuit challenges the sufficiency of circumstantial evidence, as in the case now before us, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to determine whether the facts establish defendant's guilt beyond a reasonable doubt. It is not necessary that the evidence exclude every reasonable hypothesis of innocence. *State v. Swann,* 272 N.C. 215, 158 S.E. 2d 80 (1967).

[1] Viewing the evidence in the light most favorable to the State, we find evidence that the rear door of Mr. Raper's store had been opened, the burglar alarm activated, and the contents of the shelves removed and placed in boxes without the permission of the owner. This establishes an unlawful breaking and entering. The evidence that ten or eleven boxes had been filled with cigarette cartons tends to establish the felonious intent to commit larceny. The evidence that defendant was observed about 20 steps from the store in an open field at an early hour within minutes after the burglar alarm sounded; that he was armed with a pistol; that he attempted to hide and then feigned injury when detected tends to establish that the defendant was the person who had entered Mr. Raper's store.

In applying the rules set forth above to the facts of this case, we find that there was sufficient evidence to go to the jury. The denial of defendant's motion for judgment as of nonsuit was proper.

[2] The defendant's second assignment of error is that the trial court erred in not instructing the jury on the principles of aiding and abetting. We do not agree.

" 'A person aids when, being present at the time and place, he does some act to render aid to the actual perpetration of the crime, though he takes no direct share in its commission, and an abettor is one who gives aid and comfort, or who either commands, advises, instigates or encourages another to commit a crime.' . . ." *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241 (1955).

By definition, an aider and abettor is one who assists another.

"One cannot aid and abet in the commission of a crime unless there is another who has committed the offense. In other words, one cannot be an aider and abettor of himself in the commission of an offense." *Morgan v. U.S.,* 159 F. 2d 85 (10th Cir. 1947).

In the case before us there is no evidence that there was anyone other than defendant involved in the offense charged in this indictment. The defendant was indicted and tried as the sole and principal perpetrator of this offense. We agree with the rule in *State v. Madam (X),* 2 N.C. App. 615, 163 S.E. 2d 540 (1968) that where the State proceeds on the theory of aiding and abetting and offers evidence to that effect, the trial court must instruct the jury on the principles of aiding and abetting. But where the State proceeds on the theory that the defendant is the principal and there is no evidence of aiding and abetting, it is not error to refuse to instruct the jury on the principles of aiding and abetting.

In the entire trial, we find no error.

Affirmed.

Judges MORRIS and PARKER concur.