STATE OF NORTH CAROLINA v. AMOS ROOSEVELT RICHARDSON

No. 7216SC115

(Filed 29 March 1972)

1. Homicide § 28— instructions — self-defense — burden of proof

In this homicide prosecution, the trial court sufficiently instructed the jury on the intensity of proof required of a defendant in order to establish the defense of self-defense when it instructed the jury that "defendant has the burden of proving, not beyond a reasonable doubt, but to your satisfaction, the absence of malice or that the killing was in self-defense."

**2. Homicide § 30— second-degree murder — submission of manslaughter**

In this prosecution for second-degree murder, the trial court did not err in submitting to the jury the lesser included offense of manslaughter, the testimony of defendant having required that such offense be submitted to the jury.

APPEAL by defendant from *McKinnon, Judge,* 10 August 1971 Session of Superior Court held in ROBESON County.

Defendant was tried upon a bill of indictment, proper in form, charging him with the crime of murder. Upon calling the case for trial, the solicitor announced that the State would seek no greater verdict than murder in the second degree.

The evidence for the State tended to show that Howard Freeman (Freeman) and Roosevelt Willis (Willis) operated a "club" and a filling station on Highway #20 in Robeson County. They sold gas, candy, sandwiches and soft drinks. They also had pool tables and a "piccolo." On Saturday night, 20 February 1971, they were having a dance there which began about 10:00 p.m. The price of admission was one dollar a couple, or fifty cents per person. In that part of the building where the dance was held, there was room for about fifty couples. They had engaged a band to play for the dance. Prior to the arrival of the band, no admission was charged; but when the band arrived, Freeman and Willis asked everybody to go out, buy a ticket for the dance, and re-enter the building. Defendant and the others went outside, but after the defendant was outside, he said, "Why do I have to pay?" Freeman told him everybody had to pay. Defendant said, "I'm not going to pay a cent. I'm going on in." Willis, who was at the door with his daughter, taking up tickets, told defendant he was not going in unless he paid. The defendant went back out in the yard, got a bumper jack, came back and either struck or attempted to strike Willis with the jack. They came together and fell to the ground with Willis on top. Freeman took the jack and Willis got up and let the defendant go. Willis then went back to the door and took the money box from his daughter. Defendant left the premises in his car and returned about thirty-five minutes later. Defendant got out of his car, approached Willis who was still at the door, pulled a .25 automatic pistol out of his pocket and shot him. Willis fell inside the door with blood coming from his mouth. Defendant came on into the building, fired his pistol three or four more times, and then backed out the door and

left. Willis died there on the floor before being placed in a vehicle and taken to the hospital.

Defendant's evidence tended to show that he was 51 years old and was a mechanic. He was to deliver a car he had repaired to a Mrs. Hamilton at 11:00 p.m. that night at Willis's "cafe." When he arrived, there were a lot of people there, and he told a young man who came up to him that he wanted to see one Lonnie Grice and also wanted some gas. This young man hit him on the side of the head with a piece of iron and he fell. The man beat him in the face and on his body, and defendant testified that he lost a pint of blood from the beating. When he got up off the ground the second time, Willis was eight or ten feet from him and put a gun in his face; whereupon defendant got his pistol, shot it and ran.

The jury found the defendant guilty of voluntary manslaughter, and from a judgment of imprisonment, the defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Assistant Attorney General Hensey for the State.*

*L. J. Britt & Son by Luther J. Britt, Jr., and McLean, Stacy, Henry & McLean by William S. McLean for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant contends that the trial judge committed error in failing to properly instruct the jury as to the intensity of proof required of a defendant in order to establish the defense of self-defense. The defendant argues that the judge did not properly charge on what was meant by the term "to the satisfaction of the jury." The judge charged:

> "Even, if the State proves the elements of murder in second degree, the crime may be reduced to manslaughter if the act is done without malice, or may be excused altogether if the killing was in self-defense. The defendant has the burden of proving, not beyond a reasonable doubt, but to your satisfaction, the absence of malice or that the killing was in self-defense."

In the case of *State v. Freeman,* 275 N.C. 662, 170 S.E. 2d 461 (1969), the Supreme Court said:

---

---

" . . . (W)hen the burden rests upon an accused to establish an affirmative defense or to rebut the presumption of malice which the evidence has raised against him, the *quantum* of proof is to the satisfaction of the jury—not by the greater weight of the evidence nor beyond a reasonable doubt—*but simply to the satisfaction of the jury.* Even proof by the greater weight of the evidence—a bare preponderance of the proof—may be sufficient to satisfy the jury, and the jury alone determines by what evidence it is satisfied. (citation omitted.)

If there be evidence sufficient to establish an affirmative defense or to rebut the presumptions which arise against the defendant when a killing results from his intentional use of a deadly weapon, '[T]he accepted formula *and the one that should be used if risk of error is to be avoided,* is that the defendant has the burden of proving his defense (or mitigation) "to the satisfaction of the jury—not by the greater weight of the evidence nor beyond a reasonable doubt—but simply to the satisfaction of the jury." ' Stansbury, N. C. Evidence § 214 (2d Ed. 1963). (Emphasis added.)"

Although the trial judge would have been well advised to have used the above-quoted language from the *Freeman* case, we are of the opinion and so hold that when the charge is read as a whole, no prejudicial error appears therein with respect to the intensity of proof required of a defendant in order to establish the defense of self-defense.

[2] The defendant also contends that the trial judge committed error in submitting to the jury the lesser included offense of manslaughter; that under the evidence, the question of his guilt of manslaughter did not arise.

"Manslaughter is the unlawful killing of a human being, without malice, express or implied, without premeditation or deliberation, and without the intention to kill or inflict serious injury." 4 Strong, N. C. Index 2d, Homicide, § 6.

While the evidence of the State supported the charge on murder, the testimony of the defendant required the trial judge to submit the question of manslaughter to the jury.

Defendant's other exceptions to the charge have been considered, and no prejudicial error is made to appear.

No error.

Judges MORRIS and PARKER concur.