STATE OF NORTH CAROLINA v. JOHNNY J. HAMILTON

No. 7420SC558

(Filed 16 October 1974)

1. **Homicide § 21— motion for nonsuit — failure to consider evidence of self-defense — no error**

    The trial court in a second degree murder case did not err in denying defendant's motion for nonsuit, though defendant testified that he shot his victim in self-defense, since the court was required to consider only the evidence favorable to the State in ruling on defendant's motion.

2. **Homicide § 27— instruction on lesser degree of crime — quantum of proof required**

    The trial court's instruction to the jury that "in order to reduce the crime to manslaughter, the defendant must prove, not beyond a reasonable doubt, but simply to your satisfaction, that there was no malice on his part" was proper, though the court did not explain the difference between the terms "beyond a reasonable doubt" and "to your satisfaction."

3. **Criminal Law § 122— jury request for further instructions**

    The trial court, in complying with the jury's request to define again the difference between murder in the second degree and manslaughter, was not required to repeat his entire charge.

APPEAL by defendant from Seay, Judge, 7 January 1974 Session of Superior Court held in RICHMOND County. Heard in the Court of Appeals 4 September 1974.

Defendant was charged in a bill of indictment with murder in the first degree. At trial the solicitor announced that the State would not seek a conviction of murder in the first degree but would seek a conviction of either murder in the second degree or manslaughter.

The State's evidence showed that on 24 September 1973 Lacy Goins and William Clay Leak went to a farm owned by Leak. The defendant lived on the farm. When they arrived, the defendant was seated on the porch steps holding a 12-gauge shotgun. Leak got out of the car and approached the defendant. Goins, Leak's employee, went to a side building to get some building supplies. He testified that he heard a shot, turned around, and witnessed the defendant shoot Leak. Goins stated that Leak had no weapon at the time he was shot by the defendant. Deputy Sheriff Sanders of the Richmond County Sheriff's Department testified that he found Leak's body about 50 feet

---

State v. Hamilton

---

from the house but that there was blood about 25 feet from the house. Dr. Homer Bodiford stated that Leak died of severe hemorrhage and a collapsed lung. On cross-examination he testified that had Leak's left arm been down by his side, "it would have been within the pattern of the shot as they struck his chest."

Defendant's evidence showed that he had worked for Leak until 20 September 1973, when he quit in a dispute over Leak's use of his truck. On 24 September 1974 the defendant saw Leak at a parking lot in Highland Pines. Leak, who was seated in a car, told the defendant to get in the car. When defendant, who was leaning against the front passenger door of Leak's car, refused, Leak slid across the front seat and struck him. The defendant testified that he went home. Leak arrived, "cussing and raising sand," and advanced on the defendant. The defendant stated that he fired a warning shot, whereupon Leak grabbed a shovel and continued his advance. The defendant contends that he then shot Leak in self-defense.

Defendant was found guilty of murder in the second degree and sentenced to a term of 25 to 30 years in prison.

*Attorney General Carson, by Assistant Attorney General Briley, for the State.*

*Cashwell and Ellis, by B. Craig Ellis, for the defendant.*

BROCK, Chief Judge.

[1] Defendant contends that the trial court committed error in refusing to allow defendant's motion as of nonsuit at the conclusion of all the evidence due to the defendant's testimony concerning self-defense.

On motion to nonsuit the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. Contradictions and discrepancies, even in the State's evidence, are for the jury to resolve and do not warrant nonsuit. Only the evidence favorable to the State is considered, and defendant's evidence relating to matters of defense or defendant's evidence in conflict with that of the State is not considered. *State v. Henderson,* 276 N.C. 430, 173 S.E. 2d 291; 2 Strong, N. C. Index 2d, Criminal Law, § 104. In *State v. Everette,* 284 N.C. 81, 85, 199 S.E. 2d 462, the court stated: "In passing upon the sufficiency of the State's evidence to carry

the case to the jury, the trial court in the present case was not required to consider defendant's testimony concerning self-defense. Therefore, the court properly refused to enter judgment as of nonsuit for defendant." This assignment of error is overruled.

[2] Defendant contends that the trial court committed error in its charge to the jury. The trial judge charged: "In order to reduce the crime to manslaughter, the defendant must prove, not beyond a reasonable doubt, but simply to your satisfaction, that there was no malice on his part." Defendant argues that the court erred when it failed to explain the difference between the terms "beyond a reasonable doubt" and "to your satisfaction."

"[W]hen the burden rests upon an accused to establish an affirmative defense . . . the *quantum* of proof is to the satisfaction of the jury—not by the greater weight of the evidence nor beyond a reasonable doubt—*but simply to the satisfaction of the jury*." *State v. Freeman,* 275 N.C. 662, 666, 170 S.E. 2d 461. In *Freeman* the court held that " '[T]he accepted formula *and the one that should be used if risk of error is to be avoided,* is that the defendant has the burden of proving his defense (or mitigation) "to the satisfaction of the jury—not by the greater weight of the evidence nor beyond a reasonable doubt—but simply to the satisfaction of the jury." ' " 275 N.C. at 666.

This Court has held that a charge identical to the charge of which the defendant complains did not constitute error:

> Although the trial judge would have been well advised to have used the above-quoted language from the *Freeman* case, we are of the opinion and so hold that when the charge is read as a whole, no prejudicial error appears therein with respect to the intensity of proof required of a defendant in order to establish the defense of self-defense. *State v. Richardson,* 14 N.C. App. 86, 88, 187 S.E. 2d 435, *cert. denied,* 284 N.C. 258, 200 S.E. 2d 658.

Defendant's argument is without merit.

[3] After retiring to consider its verdict, the jury returned and requested the court to define again the difference between murder in the second degree and manslaughter. The trial judge repeated his charge on the difference between the two offenses. Defendant assigns this as error, contending that compliance with

the jury's request failed to leave open the possibility that the jury could still find the defendant not guilty. This contention has no merit. "[A] judge who is requested by the jury to reiterate his instructions on some particular point is not required to repeat his entire charge." *State v. Dawson,* 278 N.C. 351, 365, 180 S.E. 2d 140.

Defendant contends that the court committed error in failing to set aside the verdict as being contrary to the evidence. For reasons set forth above, this assignment of error is overruled.

It is our opinion that defendant received a fair trial free from prejudicial error.

No error.

Judges MORRIS and MARTIN concur.