STATE OF NORTH CAROLINA v. LESTER BURNS HARGETT

No. 7426SC753

(Filed 20 November 1974)

1. Criminal Law § 114— reference to State's contention in instructions — no expression of opinion

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, the trial court did not express an

State v. Hargett

opinion in making reference several times in its instruction to the State's contention that the victim had been shot in the back two times.

2. **Criminal Law § 122— additional instructions on intent — necessity for repetition of self-defense instructions**

The trial court did not err in failing to repeat its instructions on self-defense when the jury asked for and received additional instructions on the element of intent.

APPEAL by defendant from *Martin, Judge (Robert M.)*, 11 March 1974 Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals on 15 October 1974.

This is a criminal prosecution wherein the defendant, Lester Burns Hargett, was charged in a bill of indictment, proper in form, with assault with a deadly weapon with intent to kill inflicting serious injuries by shooting Clyde Randy Chavis in the back two times. The defendant entered a plea of not guilty and the State offered evidence tending to establish the following:

On 17 July 1973, Mr. Clyde Randy Chavis encountered a pickup truck parked in the middle of the road as he was trying to leave the Oak Grove Trailer Park in Charlotte, N. C., where he lived. Since he was unable to pass, he got out of his car and knocked on the door to the trailer nearest the pickup truck. Mr. Ronnie Franklin Crimminger, a friend of Mr. Chavis, answered the door and told Mr. Chavis that the pickup truck belonged to the defendant, who was visiting Mr. Crimminger. When Mr. Chavis asked the defendant to move the truck, the defendant became angered and shot Mr. Chavis twice in the back with a pistol as Mr. Chavis was returning to his car.

The defendant testified in his own behalf and contended that Mr. Chavis had threatened him with a knife and that he fired the pistol in self-defense.

The jury found the defendant guilty as charged, and the trial court sentenced the defendant to a prison term of not less than nine (9) nor more than ten (10) years. The defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Alexander Copeland III for defendant appellant.*

HEDRICK, Judge.

[1]   The defendant first contends that the trial court expressed an opinion in its charge to the jury. He asserts that "the Court's repeated reference to the alleged victim's having been shot in the back two times implied to the jury that the fact that the alleged victim had been assaulted by being shot twice in the back was not in controversy." The instructions embraced within the exceptions upon which this assignment of error is based cover approximately four pages in the record. The bill of indictment charged that the defendant feloniously assaulted Mr. Chavis with intent to kill "by shooting him twice in the back . . . ." We cannot perceive how the trial court could have adequately instructed the jury in this case without referring several times to the State's contention that the victim had been shot in the back two times. An examination of the entire charge fails to reveal that the judge in any way expressed an opinion on the evidence in violation of G.S. 1-180. This assignment of error has no merit.

[2]   The defendant further assigns as error the failure of the trial court to repeat its instructions on self-defense when the jury asked for additional instructions on the element of intent. The defendant concedes that the court's instructions on self-defense and intent were correct. He asserts, however, that since self-defense and intent both relate to the defendant's state of mind, the court should have repeated its instructions on self-defense when the jury requested further instructions as to intent. We do not agree. When the trial judge has complied with a request by the jury for additional instructions on a particular point in the case, it is not incumbent on him to repeat his instructions as to other features of the case already correctly given. *State v. Dawson,* 278 N.C. 351, 180 S.E. 2d 140 (1971); *State v. Murray,* 216 N.C. 681, 6 S.E. 2d 513 (1940). This assignment of error is overruled.

The defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and BALEY concur.