STATE OF NORTH CAROLINA v. RONNIE GANTT AND STEVE ARNETTE

No. 7525SC245

(Filed 16 July 1975)

1. **Burglary and Unlawful Breakings § 7— failure to instruct on non-felonious breaking and entering**

   In a prosecution for breaking and entering with intent to commit the felony of larceny, the trial court did not err in failing to charge on the lesser offense of nonfelonious breaking and entering where the State's evidence tended to show that an attempted larceny took place in the pharmacy broken into and defendants denied that they took part in the break-in.

2. **Criminal Law §§ 9, 113— failure to instruct on aiding and abetting**

   In this prosecution for felonious breaking and entering, the trial court did not err in failing to instruct on aiding and abetting where the State's evidence tended to show that defendants entered the building along with three others, and defendants contended that they had nothing to do with the break-in and had no knowledge of it and were not acting as lookouts.

3. **Criminal Law § 121— instructions on entrapment**

   Trial court's instructions on entrapment which substantially followed the North Carolina Pattern Jury Instructions were proper.

4. **Criminal Law § 122— additional instructions — failure to recharge on entrapment**

   The trial court did not err in failing to recharge the jury on the defense of entrapment after the jury returned and asked whether they should vote on one verdict altogether or the three charges separately, and the court again set forth the possible verdicts and instructed the jury to consider the charges separately.

ON writ of certiorari to review Thornburg, Judge. Judgments entered 9 August 1974 in Superior Court, BURKE County. Heard in the Court of Appeals 9 June 1975.

The defendants were charged in bills of indictment with (1) breaking and entering a building occupied by Viewmont

Pharmacy in Hildebran with intent to commit a felony, to wit, larceny; (2) felonious possession of housebreaking implements; and (3) attempted safecracking. Both defendants pled not guilty to the charges.

The evidence for the State tended to show that Detective Lee Brittain received a call sometime after 11:00 p.m. on 31 January 1974 that someone had seen subjects run through a yard and into the Viewmont Pharmacy in Hildebran. Detective Brittain and an Officer Thomas responded to the call and set up surveillance of the building. Brittain observed Gantt and Arnette along with three other boys at the back door of the pharmacy and Arnette was carrying a black bag in his hand. Several of the boys lifted Gantt up to remove the light bulb from its receptacle over the back door, but the attempt was unsuccessful. Another boy eventually removed the bulb. Brittain then heard a noise at the door whereupon the door flew open and all five boys went into the building. Some time later after reinforcements had been called, the officers rushed the door and Arnette and Gantt were observed running by the side of the building. One of the remaining three came out of the building and gave himself up. The other two were found inside the building.

Inside the pharmacy, the officers found a safe from which the dial had been forcibly removed and various tools scattered about on the floor and on a small table near the safe. A bluish-black bag was also found and was introduced into evidence along with the tools which were identified as belonging to one of the perpetrators. William Anderson, a pharmacist at the pharmacy, testified that when he arrived at the scene after the break-in, he discovered that the back door had been forced open; that the dial had been completely broken off the safe and that approximately $34.00 in change had been removed from the cash registers.

Defendants offered evidence tending to show that Tommy Propst, one of the two boys found inside the building, had been paid funds by Detective Brittain to procure stolen merchandise from various people in the county and had been used as an informer or an undercover agent. A Steve McCall, who was not present at the break-in testified that Tommy Propst and his brother Arnold, who were involved in the break-in had come to him and begged him to go into the drug store with them. After refusing, the two brothers presumably approached the defend-

ants. Another one of the perpetrators, J. B. Cherry, testified that the tools and bag belonged to Tommy Propst and that it was Tommy and not Arnette who was carrying the bag on the night of the break-in.

Both defendants testified that neither knew about any plans to break into the pharmacy; that they had merely accepted an invitation to ride around that night. Right before the break-in took place the defendants were told of the plans and both testified that they told the others that they wanted no part of it. Upon arriving at the pharmacy, both contended that they took no part in the actual break-in but remained outside and were not acting as lookouts. Arnette denied carrying the black bag and Gantt denied having attempted to remove the bulb from over the back door.

In rebuttal, the State offered Detective Brittain who denied ever having said that Tommy Propst was an undercover agent. S.B.I. Agent Robert Thomas testified in corroboration of Brittain's testimony that he saw Gantt attempt to remove the light and Arnette carrying the black bag in which were the burglary tools. Thomas also observed all five individuals enter the pharmacy.

Defendants' motions for judgment as of nonsuit were denied at the close of the State's evidence and after all the evidence.

In the case against defendant Gantt, the jury returned a verdict of guilty of felonious breaking and entering and not guilty of attempted safecracking and felonious possession of housebreaking implements. In the case against defendant Arnette, the jury returned verdicts of guilty as charged on all bills. From judgments imposing terms of imprisonment, the defendants appealed.

*Attorney General Edmisten by Assistant Attorney General T. Buie Costen for the State.*

*Robert E. Hodges for the defendant Gantt.*

*C. Gary Triggs for defendant Arnette.*

CLARK, Judge.

[1] The defendants contend that the trial court committed prejudicial error in failing to charge the jury on the lesser included offense of nonfelonious breaking and entering. The neces-

State v. Gantt

sity for such a charge, however, arises ". . . when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged." *State v. Hicks,* 241 N.C. 156, 159-60, 84 S.E. 2d 545, 547 (1954). Both defendants rely on the lack of evidence of felonious intent to commit a felony inside the pharmacy as the basis for this assignment of error. The evidence for the State, however, was uncontradicted that an attempted larceny took place at the pharmacy. In fact, some money was discovered missing by a pharmacist who worked there. The only evidence which was controverted by defendants was whether they ever actually entered the building or even took part in the break-in, both denying that they had participated in any manner whatsoever. The State's proof of intent was largely circumstantial arising in part from the evidence adduced that all five individuals entered the building. It is noted in this regard that there is a presumption that people intend the natural consequences of their acts, 22 C.J.S., Criminal Law, § 33 (1961) ; and that intent is a mental attitude which can seldom be proved by direct evidence, but must ordinarily be proved by circumstances from which it may be inferred. *State v. Arnold,* 264 N.C. 348, 141 S.E. 2d 473 (1968) ; *State v. Kendrick,* 9 N.C. App. 688, 177 S.E. 2d 345 (1970) ; 2 Strong, N. C. Index 2d, Criminal Law, § 2 (1967). Under the circumstances in the present case, we find the only evidence introduced was evidence from which the jury could either infer that the defendants broke and entered the building with the intent to commit a felony or that they committed no breaking and entering at all. Consequently, there was no error in failing to charge on the lesser included offense.

[2] The defendants next contend that the trial court erred in failing to include an explanation of the difference between aiding and abetting and acting in concert. The judge essentially charged on acting in concert but did not instruct on aiding and abetting. The defendants assert that this was error under G.S. 1-180 and *State v. Mitchell,* 24 N.C. App. 484, 211 S.E. 2d 645 (1975), in that the judge failed to instruct on the law arising from the evidence. However, there must be evidence that defendants were aiding and abetting, to wit, that they were actively or constructively present and did no act necessary to constitute

the crime, but aided and abetted the others in the commission of the crime charged. See *State v. Mitchell, supra; State v. Crawford,* 13 N.C. App. 146, 184 S.E. 2d 893 (1971). The State's evidence tended to show that all five of the individuals actually entered the building. The defendants' position at trial was that they had nothing to do with the break-in, had no knowledge of it, and were not acting as look-outs at the scene. The only reason they were present was because they had accepted an invitation from the other perpetrators to take a ride. Under these circumstances, there was no evidence of aiding and abetting upon which the judge would be required to instruct.

[3]   The defendants further allege that the trial judge erroneously instructed the jury on the defense of entrapment. "It is the general rule that where the criminal intent and design originates in the mind of one other than the defendant, and the defendant is, by persuasion, trickery or fraud, incited and induced to commit the crime charged in order to prosecute him for it, when he would not have committed the crime, except for such incitements and inducements, these circumstances constitute entrapment and a valid defense." *State v. Burnette,* 242 N.C. 164, 169, 87 S.E. 2d 191, 194 (1955). In the charge to the jury on the law of entrapment, the court substantially followed the North Carolina Pattern Jury Instructions, Criminal, 309.10. Suffice it to say these instructions on the law of entrapment, its application to the facts in the present case, and its availability as a defense to the offenses charged were exemplary.

[4]   There is also the assertion by the defendants that the trial court erred in failing to recharge the jury on the defense of entrapment after the jury returned and asked whether they should vote on one verdict altogether or the three charges separately. The trial court answered the question by again setting out the possible verdicts on each individual charge and instructing them to consider each separately. Having answered the particular question propounded, the court was under no further obligation to again present the defendants' contentions with respect to entrapment. See generally *State v. Murray,* 216 N.C. 681, 6 S.E. 2d 513 (1940). "What was said by the judge in response to the request for further instructions upon a particular phase of the case must be considered in connection with the charge as a whole. . . ." *State v. Murray, supra,* at 686.

We find that there was sufficient evidence to support the jury verdicts, and that both defendants had a fair trial.

In the trial below, we find

No error.

Judges MARTIN and ARNOLD concur.