State v. Parker

---

STATE OF NORTH CAROLINA v. LARRY PARKER

No. 828SC924

(Filed 5 April 1983)

1. **Constitutional Law § 67— confidential informant—failure to reveal identity—harmless error**

   Failure of the trial court to require the State to reveal the identity of a confidential informant who participated in a purchase of narcotics from defendant was harmless error where defendant already knew the informant's identity and testified that he had known the informant all his life.

2. **Criminal Law § 121— instructions on entrapment**

   The trial court's instructions placing on defendant the burden of showing entrapment to the satisfaction of the jury were correct, and the court's instructions on agency were sufficient.

3. **Narcotics § 4.6— possession of cocaine with intent to sell—sale of cocaine—failure to instruct on possession of less than one gram**

   Where defendant was convicted of possession of cocaine with intent to sell and deliver and sale and delivery of cocaine in violation of G.S. 90-95(a)(1), the

trial court did not err in failing to submit an issue to the jury as to defendant's guilt of possession of less than one gram of cocaine since the provision of G.S. 90-95(d)(2) making it a misdemeanor to have less than a gram of cocaine applies only when a defendant is convicted under G.S. 90-95(a)(3) of mere possession of cocaine.

**4. Criminal Law § 122.1 — jury's request for additional instructions — opportunity to object**

There is no merit in defendant's contention that he should have been given the opportunity to object to the jury's request for additional instructions out of the jury's presence where the record shows that defendant made no comment or no effort to be heard when the additional instruction was given.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 3 June 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 8 March 1983.

The defendant was indicted on two counts of violating the Controlled Substances Act. He was charged with 1) possession of a controlled substance with intent to sell and deliver and 2) sale and delivery of a controlled substance.

Arnett A. Dove, an undercover agent with the State Bureau of Investigation, was the chief witness for the State at trial. Dove stated that he and a confidential informant met the defendant at the defendant's apartment complex on several occasions.

The defendant, at the request of Dove and the confidential informant, made a number of trips through Goldsboro trying to locate cocaine and finally did find it at a home on Carolina Street. Dove testified that the name of the confidential informant was Kates.

During Dove's testimony, the defendant's motion to disclose the identity of the confidential informant was denied.

The parties stipulated to the testimony of State Bureau of Investigation chemist C. R. Kemp. He testified that the substance in an envelope that Dove forwarded to him was cocaine. The weight of the substance was eight-tenths of a gram.

The defendant testified on his own behalf. He stated that a man he knew as Kates came to him for help in finding drugs. The defendant also told what happened on the day that he purchased the drugs.

The jury found the defendant guilty on both charges. He was given two consecutive three-year sentences and fined a total of $20,000. From the verdicts and sentences, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Duke and Brown, by John E. Duke, for defendant appellant.*

ARNOLD, Judge.

[1] The defendant first contends that the State should have disclosed the identity of the confidential informant in order that he could have been called as a witness. This question was decided by the Supreme Court in *Roviaro v. U.S.,* 353 U.S. 53 (1957).

The confidentiality of an informant's identity gives way when "the disclosure of an informer's identity, or the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. . . ." 353 U.S. at 60-61.

Although the defendant is correct that disclosure appears proper here, any error committed was harmless because the defendant already knew the informant's identity. The defendant testified that he had known Kates all his life and that his real name was Anthony Best. No effort to have Best testify for the defendant is shown in the record. As a result, this argument fails.

[2] The defendant's next argument attacks the instruction to the jury. He contends that the trial judge should have charged on agency and that it was error to put the burden of proof to show entrapment on the defendant. We find no error on this point.

First, the instruction given was in substantial compliance with N.C.P.I. 309.10 on entrapment. This persuades us that it was correct. *See State v. Gantt,* 26 N.C. App. 554, 217 S.E. 2d 3, *cert. denied,* 288 N.C. 246, 217 S.E. 2d 670 (1975).

Second, entrapment is an affirmative defense and it was correct to charge that the defendant has the burden of showing it to the satisfaction of the jury. The State does not have the burden of showing that the defendant was not entrapped. *State v. Braun,* 31 N.C. App. 101, 228 S.E. 2d 466 (1976).

Finally, the charge was sufficient on any question of agency. The trial judge stated on a number of occasions that if "Kates or Agent Dove, acting separately or together" entrapped the defendant, he should be found not guilty.

[3] It is next argued that "guilty of possession of eight-tenths of a gram of cocaine" should have been submitted as a possible verdict. The defendant contends that if the jury selected this verdict, he would only be guilty of a misdemeanor under G.S. 90-95(d)(2).

The defendant was convicted of two offenses that are punishable under G.S. 90-95(a)(1). The provision making it a misdemeanor to have less than one gram of cocaine by its own words applies *only* when a defendant is convicted under G.S. 90-95(a)(3), *i.e.*, possession of a controlled substance. Because the defendant was not convicted under G.S. 90-95(a)(3), this argument is without merit.

[4] Finally, the defendant contends that he should have been given the opportunity to object to the jury's request for additional instructions out of the jury's presence. We find no merit in this contention because the record shows that the defendant made no comment or no effort to be heard when the additional instruction was given. The additional instructions complied with G.S. 15A-1234 and were free from error.

We have considered the defendant's other arguments and find no error in his trial.

No error.

Judges BECTON and PHILLIPS concur.