STATE OF NORTH CAROLINA
v.
RAABE EUGENE VICK
No. COA07-1163
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.
Sue Genrich Berry for defendant appellant.
McCULLOUGH, Judge.
Defendant, Raabe Eugene Vick, was tried before a jury at the 22 May 2007 Session of Edgecombe County Superior Court after being charged with one count of discharging a firearm into an occupied vehicle.
The State's evidence tended to show the following: On 23 April 2006, Anthony Clark ("Mr. Clark") and his three-year-old daughter were traveling by car down Wilson Street in Tarboro. As Mr. Clark approached the bridge where Highway 64 runs under Wilson Street, he noticed defendant and his brother, Joshua ("Joshua"), stumbling in the middle of the road. The men were not wearing shirts and their hair was styled in dreadlocks. Mr. Clark moved into the other lane to pass the men. As he veered around them, Mr. Clark noticed defendant pulling out a long barrel shotgun. Then, he heard gunshots. Neither Mr. Clark nor his daughter sustained injury from the gunfire; however, their car was hit. The car sustained $1,500 worth of damages, including damage to the trunk, which had 65 pellet holes in it, markings on the back windshield, and a shattered driver's side mirror.
Further up the road, as Mr. Clark approached the top of the bridge, he noticed the Tarboro City Police Department conducting a driver's license checkpoint. Mr. Clark stopped to inform Officers Bill Braswell and Bruce Edwards that someone had shot his vehicle.
Officers began searching for the suspects. Lieutenant Taylor observed defendant and Joshua, who fit the description of the suspects, walking toward the woods. The officers followed them to a path that led into the woods. Officer Braswell observed defendant hop out of the path with a shotgun and ordered defendant to put down the gun. Defendant eventually complied. Approximately 150 feet farther down the path, officers apprehended Joshua.
At the scene, Mr. Clark was unable to make a positive identification of defendant and Joshua based on facial features because of his prior focus on the shotgun; however, he recognized defendant and Joshua's clothing. Mr. Clark identified defendant as the shooter.
In addition to obtaining the shotgun from the path, officers conducted a search of defendant and found two Remington Express shotgun shells in defendant's back pocket. They also examined Mr. Clark's vehicle and concluded that shot pellets from a shotgun caused the damage. Upon searching the scene, Officers recovered an unfired number 4, Remington Express shotgun shell. At the close of State's evidence, the defense moved to dismiss the charge for insufficiency of the evidence. The trial court denied the motion.
The evidence for the defense tended to show that defendant and his brother lived on Wilson Street. During the course of the day in question, defendant and Joshua were drinking alcohol, and Joshua testified that he fired several rounds close to the street; however, Joshua did not recall seeing Mr. Clark's car.
Joshua testified that defendant wanted to take the gun from him because he was intoxicated; therefore, he ran down the path to escape. Defendant finally reached Joshua and successfully retrieved the gun. Joshua repeatedly told officers that defendant had just gotten home from prison and that he wanted to take responsibility for what had happened.
The jury unanimously found defendant guilty of discharging a firearm into an occupied vehicle. Defendant was found to be a prior record Level III for felony sentencing purposes and was sentenced to an active term of 34-50 months.
On appeal, defendant argues that the trial court erred by: (1) failing to inform prospective jurors of the details of the case before starting jury selection; (2) expressing an opinion on an issue of fact in the presence of the jury; (3) denying counsel an opportunity to be heard in defendant's presence; and (4) delivering a verdict in defendant's absence.

I. Trial Court's Opening Statement
On appeal, defendant first contends that the trial court erred by failing to adequately orient prospective jurors with the case before jury selection. We find this argument meritless.
Defendant contends the court violated N.C. Gen. Stat. § 15A-1213 (2007), which provides:
Prior to selection of jurors, the judge must identify the parties and their counsel and briefly inform the prospective jurors, as to each defendant, of the date of the alleged offense, the name of any victim alleged in the pleading, the defendant's plea to the charge, and any affirmative defense of which the defendant has given pretrial notice[.]
The purpose of this statute is to prevent jurors from gaining "a distorted view of the case" through the language of the indictments. State v. Leggett, 305 N.C. 213, 218, 287 S.E.2d 832, 836 (1982).
In this case, the transcript begins upon the swearing in and impaneling of the jury; it does not include the trial court's opening statements prior to jury selection. There is no indication in the transcript that the trial court failed to orient prospective jurors with the case before jury selection. Thus, we have no indication that jury members gained a distorted view of the case from the trial court's statements.
This "court is bound on appeal by the record on appeal as certified and can judicially know only what appears in it. When, . . . the trial transcript . . . is filed by appellant . . . the trial transcript must be treated as part of the record on appeal for purposes of applying the rule[.]" State v. Lawson, 310 N.C.632, 641, 314 S.E.2d 493, 499 (1984), cert. denied, 471 U.S. 1120, 86 L. Ed. 2d 267 (1985). "A certified record imports verity, . . . Defense counsel and the district attorney, as officers of the court, have an equal duty to see that reporting errors in the transcript are corrected." State v. Robinson, 327 N.C. 346, 360, 395 S.E.2d 402, 410 (1990). Moreover, the burden is on the appellant to show error; absent such a showing, we presume that no error was committed by the court. Coharie Lumber Co. v. Buhmann, 160 N.C. 385, 387, 75 S.E. 1008, 1009 (1912).
Accordingly, it was defendant's responsibility to see that any reporting errors in the transcript were corrected. Because we can only know what is in the record, and the record does not reveal that an error was committed, we presume that no error was committed. This assignment of error is overruled.

II. Expression of an Opinion by Trial Court
Defendant next contends that the trial court erred by expressing an opinion in the presence of the jury on a question of fact to be determined by the jury. We disagree.
Under the North Carolina General Statutes, "the judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2007). However, not all improper remarks by a trial court rise to the level of requiring a new trial. State v. Perry, 231 N.C. 467, 471, 57 S.E.2d 774, 777 (1950). The defendant bears the burden of proving that the remarks were prejudicial. State v. Blackstock, 314 N.C. 232, 236, 333S.E.2d 245, 248 (1985). We must examine the trial court's comments in the totality of the circumstances in which they were made. State v. Jones, 358 N.C. 330, 355, 595 S.E.2d 124, 140, cert. denied, 543 U.S. 1023, 160 L. Ed. 2d 500 (2004); State v. Weeks, 322 N.C. 152, 158, 367 S.E.2d 895, 899 (1988).
In State v. Scercy, 159 N.C. App. 344, 583 S.E.2d 339,appeal dismissed, disc. review denied, 357 N.C. 581, 589 S.E.2d 363 (2003), the defendant argued that the trial court's comments during preliminary instructions gave the appearance that the judge was on the same team as the prosecution and that the judge expected the jurors to find the defendant guilty. The judge stated the following:
Now, I can assure you these lawyersas I told you are very competent, and I can assure you that Mrs. Biernacki does not object to this law; she willingly takes this burden of proving to you beyond a reasonable doubt. And that's what we'll do  what will go on in this case.
Id. at 349, 583 S.E.2d at 342 (emphasis added).
Although in Scercy, we did not condone the trial court's use of the first person plural, "we," when speaking directly to the jury, we reasoned "that the court was merely commenting on the roles of the court and the attorneys in the trial[.]" Id. at 351, 583 S.E.2d at 343. We held that the court's comments were not prejudicial because they did not constitute an improper expression of opinion relating to "'a question of fact to be decided by the jury.'" Id. (quoting N.C. Gen. Stat. § 15A-1222). In this case, defendant assigns error to the trial court's comments regarding the length and informative nature of two witnesses' testimony:
The Court: You testified for twenty-five minutes. That was a record.
* * * *
The Court: Anymore question [sic] about the size of the shell?
Mr. Simmons: No, Sir.
The Court: All right. You can step down. Enjoyed the education.
We find these comments to be neutral, as they do not necessarily imply that the State and court are on the same team. More importantly, they do not relate to a question of fact to be determined by the jury. Therefore, these comments, examined in the totality of the circumstances were not prejudicial nor do they constitute plain error. This assignment of error is overruled.

III. Defendant's Right to Presence
Defendant contends before denying the jury's request for a transcript of certain testimony, the trial court should have given counsel an opportunity to be heard in the presence of defendant. Defendant contends that had defendant been present during the communication, defendant could have requested additional instructions.[1] We find this argument meritless. Specifically, defendant contends that pursuant to N.C. Gen. Stat. § 15A-1234(c) (2007), the trial court was required to give the parties an opportunity to be heard before additional instructions were given to the jury; however, we conclude that this statute is not applicable, as the trial court did not give the jury additional instructions. See State v. Farrington, 40 N.C. App. 341, 346-47, 253 S.E.2d 24, 27 (1979) (holding that where a trial court is simply repeating or clarifying instructions in response to a jury's question, such comments are not "additional instructions").
We conclude the applicable statute in this case is N.C. Gen. Stat. § 15A-1233(a) (2007) which reads in part:
If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence.
This statute imposes two duties upon the trial court when a request from the jury to review testimony is received. First, the trial court must have all jurors present in the courtroom. State v. Ashe, 314 N.C. 28, 34, 331 S.E.2d 652, 656 (1985). Second, it must exercise discretion when ruling upon the request.Id. "When no reason is assigned by the court for a ruling which may be made as a matter of discretion . . ., the presumption on appeal is that the court made the ruling in the exercise of its discretion."Brittain v. Aviation, Inc. 254 N.C. 697, 703, 120 S.E.2d 72, 76 (1961).
For a defendant to make a showing that the trial court abused its discretion, "the defendant must demonstrate that the trial court's action was `so arbitrary that it could not have been the result of a reasoned decision.'"State v. Weddington, 329 N.C. 202, 209, 404 S.E.2d 671, 676 (1991) (quoting State v. Wilson, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985)).
As previously discussed, we are bound by the record on appeal and can only know what is reflected in the record. In this case, the transcript shows that the jury knocked with a question. They provided the court with a hand-written unsigned note which read: "The jury is 11 to 1  Guilty. Would like to see the testimony of Josha [sic], both sheriff detectives & Mr. Clark." The trial court responded:
All right. Ladies and Gentlemen of the Jury, the court instructed you that it's your duty to recall the evidence. And that's what you must do. The court denies a request for a transcript of the testimony presented during the trial. So you can retire and continue your deliberations.
The fact that the court addressed the jury as "Ladies and Gentlemen of the Jury" indicates that all members of the jury were present. The transcript does not show that defendant was absent when the jury knocked with the question nor does it show that defendant was absent when the trial court responded.
Although the court did not give a reason for denying the transcript request, we presume that the court properly exercisedits discretion under N.C. Gen. Stat. § 15A-1233. The transcript indicates that when a review of the testimony was requested, (1) all members of the jury were present and (2) the court exercised its discretion; therefore, we find no abuse of discretion in the trial court's decision to deny the jury's request. Thus, this assignment of error is overruled.

IV. Polling Outside of the Presence of Defendant
Defendant contends that trial court conducted a poll of the jury off the record and outside of the presence of defendant in violation of N.C. Gen. Stat. § 15A-1237 (2007). We disagree.
As previously discussed, this Court is bound by the record and can only know what appears in it. Here, the transcript shows that upon defendant's request for the jury to be individually polled, the trial court explained the polling process to the jury in detail. Furthermore, the settled transcript makes no reference to an unrecorded proceeding. Therefore, there is no evidence that the verdict was delivered in an ex parte preceding. To the contrary, the detailed polling instructions indicate that the jury was unfamiliar with the process and, therefore, had not been polled previously off the record. Furthermore, absent evidence in the record to the contrary, we presume that the trial court complied with N.C. Gen. Stat. § 15A-1237. This assignment of error is overruled.
For the foregoing reasons, we find no error in defendant's conviction of discharging a weapon into an occupied vehicle. We affirm the trial court's judgment. No error.
Judges STEELMAN and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] Defendant cites N.C. Gen. Stat. § 15A-1235(a) and (b)(2007), which are inapplicable in this case because the statute only applies "[b]efore the jury retires for deliberation[.]" Id. (emphasis added). Here, the instructions were made after the jury retired for deliberation.